### CROCKER v. OAKES

(Circuit Court, S. D. New York. December 28, 1900.)

TRUSTS—ACCOUNTING—TRUSTEE'S FRAUD—ASSIGNMENT TO TRUSTEE—VACATION —RETURN OF CONSIDERATION.

Where one holding property in trust to apply 'the income thereof to the use of the cestui procured an assignment and release from the cestui for $2,500 paid, and there had been and were sums falling due on account from the trustee, a return of the consideration paid would not be required in the first instance in a suit to set aside such transaction for fraud, but an account would be ordered, and not more than the balance of the $2,500 over the amounts due the cestui would be required to be returned before final relief.

Fred C. Hanford, for plaintiff.
Henry L. Sprague, for defendant.

WHEELER, District Judge. By a third codicil in her will Winifred Oakes, referring to the second codicil, by the seventh clause of which she had bequeathed to the plaintiff, then Winifred Osborn, her granddaughter, $10,000, declared:

"Now, I hereby revoke the said seventh clause, and in place thereof I give and bequeath the said sum of ten thousand dollars to my grandson, William A. Oakes, in trust to invest the same, and apply the income thereof to the use of my said granddaughter, Winifred Osborn, during her life, and at her death the said sum shall go to my said grandson, William A. Oakes. Second. I hereby authorize said trustee to invest said trust fund in any security he may deem best, though the said security may not be such as the law requires him to select where no discretion may be given him."

Such proceedings have been had in the surrogate's court that there appears to have been income found due to the plaintiff June 15, 1896, $3,526.67, and that the principal sum became reduced to and fixed March 31, 1898, at $8,786.18. The defendant has made payments upon the balance found due in 1896, and upon the income from the

amount fixed in 1898; but how his account justly stands is not clear. After the amount was fixed, the defendant procured an assignment and release from the plaintiff for $2,500 paid. This bill is brought to set these instruments aside, for the removal of the trustee, and an account. That this transaction between the trustee and cestui should be set aside is not much contested, but the defendant insists that it should not be done without a return of the $2,500 paid. Generally, a party seeking to set aside a transaction for fraud or overreaching should return, or offer to return, the consideration in the first instance. But here, as there are and have been sums accruing, due on account of the subject of the transaction, which were intended to be cut off, it seems more just that an account be first taken, and that not more than the balance of the $2,500 paid, if any, should be required to be returned or tendered before granting full relief. The testatrix appears to have had ample confidence in the trustee, and gave him large personal discretion as to management. The chief complaint against him pertains not so much to that as to his obtaining the assignment and release. This does not affect his accountability for what income he has or ought to have received, nor his responsibility. Let there be a decree for an account, and setting aside the assignment and release on such terms as to return of the $2,500 paid as shall appear just on the coming in of the report, with costs.